IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL J. WAUGH § | |
|    Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-cv-1815 |
| § | |
| INTERNATIONAL SOS § | |
| ASSISTANCE, INC. § | |
|    Defendant § | JURY DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Michael Waugh ("Plaintiff" or "Waugh"), and files this Response to Defendant's Motion for Summary Judgment, and in support, would show the Court as follows:

**I.
INTRODUCTION**

This is a case for violations of the Family and Medical Leave Act, as well as disability and age discrimination suffered by Michael Waugh in the course of his employment with Defendant. Almost immediately after Waugh sought time off for treatment for a traumatic brain injury from which Waugh was suffering, Defendant terminated Waugh's employment. The reason now articulated by Defendant for Waugh's termination is false, and a pretext to mask Defendant's unlawful treatment of Waugh.

**II.
FACTS**

Plaintiff, Michael Waugh, began his employment with Defendant on November 12, 2012 as a Regional Security Manager—Americas. Declaration of Michael Waugh, attached hereto as

Exhibit 1; Ex. 2.  In January 2013, Waugh suffered a serious fall, in which he dislocated his left shoulder and also struck his head.  Ex. 1; Ex. 2; Ex. 3.  As a result of his injuries, in April 2013, Waugh was initially required to take time off to undergo surgery in order to repair several torn tendons.  Ex. 1; Ex. 3.

After having surgery to repair his shoulder, Waugh also noticed cognitive changes as a result of his injuries.  Ex. 1; Ex. 3.  For example, word finding was reduced and Waugh began to often call people by the wrong name.  Ex. 1; Ex. 3.  In addition, Waugh began to experience vertical diplopia when attempting to read.  Ex. 1.  Waugh's balance was also impacted due to his condition, and he occasionally experienced falls as a result.  Ex. 1; Ex. 3.  Waugh also experienced several blackout episodes due to his injury.  Ex. 3.

Waugh was subsequently diagnosed with a traumatic brain injury, for which he was required to seek medical treatment.  Ex. 1; Ex. 3.  Despite his medical condition, Waugh was always able to perform his job successfully.  Ex. 1.  During his employment, Waugh always performed well and received many accolades for his performance.  Ex. 1.  In September 2013, Ken Walton ("Walton") was named as the Acting Regional Security Director.  Upon being named the Acting Regional Security, Walton became Waugh's direct supervisor.  Prior to Walton becoming Waugh's direct supervisor, Waugh was supervised by Alex Puig, who had hired him.

Shortly after Walton became Waugh's supervisor, Waugh informed Walton of his physical condition in order to seek workplace accommodations.  Ex. 1; Ex. 2.  Waugh informed Walton that he needed more time to complete the expense reports due to his disability.  Ex. 1; Ex. 2.  Waugh also informed Walton that he would need to take time off for doctor's

appointments to treat his brain injury. Ex. 1; Ex. 3. In response to Waugh's request for time off, no one from Defendant ever informed Waugh of his rights under the Family and Medical Leave Act, or sought any additional information from Waugh regarding the time off he required for medical treatment. Ex. 1.

Waugh subsequently took time off on November 15, 2013 and November 27, 2013 for medical tests and treatment at Austin Neuropsychology due to his condition. Ex. 1; Ex. 3. Waugh was diagnosed with a traumatic brain injury. Ex. 3. In light of Waugh's condition, resulting symptoms and required medical treatment for the condition, Waugh's absences on November 15 and 27, 2013 for medical diagnosis and treatment were protected by the FMLA. Ex. 1; Ex. 3.

Almost immediately after Waugh sought time off to treat his brain injury, he began to be treated far differently than before. Ex. 1. For example, Waugh and the Defendant had previously arranged for Waugh to work out of his home in Austin, Texas and travel to Houston on an as-needed basis. Ex. 1. As a result, Waugh's travel expenses were reimbursed when he was required to travel to Houston for business. Ex. 1. After Waugh sought treatment for his brain injury, however, Walton began denying Waugh's expense reports and refusing to pay Waugh's travel costs to Houston. Ex. 1; Ex. 4.

Just weeks after Waugh sought treatment for his brain injury, on December 13, 2013, Waugh was fired from his job. Ex. 1; Ex. 2; Ex. 3; Ex. 4. Waugh was not given any reason for the sudden termination of his employment. Ex. 1; Ex. 2. Significantly, prior to Waugh's termination, Defendant never counseled him for any issues regarding his performance. Ex. 1; Ex. 2. Prior to his termination, Waugh had not received any reprimands or disciplinary actions.

Ex. 1; Ex. 2.  In other words, Waugh had never been counseled regarding any job performance concerns.  Ex. 1; Ex. 2.  As such, in regard to its treatment of Waugh, Defendant failed to follow its own progressive policy.  Ex. 1; Ex. 2.  Waugh was subsequently replaced by a substantially younger employee.  Ex. 7.

### III.
### SUMMARY JUDGMENT SHOULD BE DENIED ON PLAINTIFF'S CLAIM UNDER THE FAMILY AND MEDICAL LEAVE ACT

In its Motion, Defendant asserts that Waugh never sought leave protected by the FMLA.  Defendant's Motion for Summary Judgment, pp. 7-8.  Thus, according to Defendant, Waugh's claim under the FMLA must fail.  *Id.*  Defendant is wrong.

As described above, Waugh suffers from a traumatic brain injury.  Due to the injury, Waugh experiences a number of serious symptoms, for which he requires long-term treatment by a physician.  Waugh clearly sought time off for treatment for his traumatic brain injury.  Ex. 1; Ex. 3.  Thus, there is clearly a genuine issue of material fact regarding whether Waugh sought time off for treatment of a serious health condition and thus whether those absences should have been protected by the FMLA.  Ex. 1; Ex. 3.  Moreover, no one from Defendant ever inquired further into Waugh's condition to obtain more information.  As such, Defendant cannot now claim that Waugh has no evidence that his condition was FMLA qualifying and that Waugh has no evidence that he sough FMLA protected leave.

Defendant also asserts that Waugh has "no evidence" that he was terminated because of his request for leave.  Defendant's Motion for Summary Judgment, p. 8.  Nothing could be further from the truth.  As explained above, almost immediately after Waugh sought leave for treatment for his traumatic brain injury, Defendant began refusing to approve Waugh's travel

expenses and refusing to reimburse Waugh for those expenses. Ex. 1; Ex. 2; Ex. 4. In addition, Waugh has evidence that Defendant began soliciting comments about Waugh in a thinly veiled attempt to fabricate reasons to terminate his employment. Ex. 4.

Defendant's attempts to solicit this information, and subsequently attempt to use it to support Waugh's termination is quite curious on a number of levels. First, as explained above, Defendant never presented Waugh with any of those comments and attempt to question him at all. Ex. 1; Ex. 2; Ex. 4. Moreover, Defendant has refused to disclose any individuals who have any negative information regarding Waugh's performance. *See* Defendant's Rule 26 Disclosures, attached hereto as Ex. 5. Regarding the substance of any negative information pertaining to Waugh, Defendant has likewise refused to provide that information, as well, redacting that information and claiming that such information is protected from disclosure. Ex. 4. Instead of providing any substantive information, Defendant seeks summary judgment on the basis of vague, conclusory allegations, with no witnesses who can prove them up. Ex. 5; Ex. 7. This is clearly improper, and, along with the sheer timing in relation to Waugh's medical treatment, smacks of pretext.

Thus, Waugh clearly has sufficient evidence creating a genuine issue of material fact regarding whether Defendant's termination of Waugh violated the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* by denying him FMLA leave, interfering with his ability to take leave protected by the FMLA and retaliating against him for seeking leave entitled to protection under the FMLA. Thus, summary judgment is improper and Defendant's Motion must be denied.

## IV.
## SUMMARY JUDGMENT SHOULD BE DENIED ON
## PLAINTIFF'S CLAIM FOR DISABILITY DISCRIMINATION

Regarding Waugh's claim for disability discrimination, Defendant raises nearly identical arguments as it has raised on Waugh's FMLA claim. In that regard, Defendant claims that Waugh has no evidence that he suffers from a disability, and claims that Waugh has no evidence suggesting that he was terminated because a disability. Much like its failed arguments on Waugh's FMLA claim, Defendant's arguments on this claim also lack merit.

As set forth above, Waugh clearly suffers from a disability. Waugh suffered a shoulder injury that required surgery and suffered from a concussion and traumatic brain injury. Ex. 1; Ex. 2; Ex. 3. Waugh's condition impacted his speech, his memory and caused him to suffer from blackouts. Ex. 1; Ex. 2; Ex. 3. Waugh was also required to seek medical treatment because of those symptoms. Ex. 3. Soon after Waugh sought an accommodation for his disability, he was fired for pretextual reasons. Thus, much like Waugh's FMLA claim, Waugh's disability discrimination claim belongs before a jury, that can weigh the evidence and make the necessary credibility determination to resolve the factual dispute. Thus, Defendant's Motion for Summary Judgment must be denied.

## V.
## SUMMARY JUDGMENT IS IMPROPER ON
## WAUGH'S CLAIM FOR AGE DISCRIMINATION

Finally, Defendant seeks summary judgment on Waugh's claim for age discrimination. In its Motion, Defendant concedes that in the event that Waugh can offer evidence of pretext and questioning the legitimacy of Defendant's termination. *See* Defendant's Motion, p. 6. Here, Waugh has evidence that he was replaced by a significantly younger individual. Ex. 7. And as

set forth above, Waugh has substantial evidence of pretext, on which a jury could easily reject Defendant's asserted reason, and find that Defendant's actions are impermissible. Thus, Defendant's Motion for Summary Judgment Waugh's age discrimination must also be denied.

## VI.
## CONCLUSION

As set forth above, Michael Waugh has sufficient evidence establishing that he has a disability and that he took FMLA qualifying leave during his employment. Waugh also has evidence from which a juror can find that he was terminated because he took FMLA leave, because of his disability and/or because of his age. Therefore, Defendant's Motion for Summary Judgment must be denied. A proposed Order is attached.

Respectfully submitted,

CLINE | AHMAD

/s/ Nasim Ahmad
Nasim Ahmad
nahmad@cline-ahmad.com
State Bar No. 2401418
24900 Pitkin, Suite 300
The Woodlands, Texas  77386
Telephone:  (832) 767-3207
Telecopier:  (281) 864-4379

ATTORNEYS FOR PLAINTIFF
MICHAEL J. WAUGH

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2016, a true and correct copy of the foregoing was served on opposing counsel of record via the Court's ECF System, as follows:

Jana Woelfel
Stephanie C. Gaston
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010

                                            /s/ Nasim Ahmad
                                            Nasim Ahmad

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. WAUGH | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-cv-1815 |
| | § | |
| INTERNATIONAL SOS | § | |
| ASSISTANCE, INC. | § | |
|    Defendant | § | JURY DEMANDED |

**<u>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Pending before the Court is Defendant's Motion for Summary Judgment. Having considered the Defendant's Motion, the Plaintiff's Response thereto and supporting evidence, and the applicable law, it is Ordered that Defendant's Motion for Summary Judgment is hereby DENIED.

SIGNED on this _____ day of December, 2016.

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE