UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL J. WAUGH, §
§
    Plaintiff, §
§
VS. § CIVIL ACTION NO. 4:15-CV-1815
§
INTERNATIONAL SOS ASSISTANCE, INC., §
§
    Defendant. §
§

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Before the Court are the defendant's, International SOS Assistance, Inc., ("International") motion for summary judgment [DE# 17], and the plaintiff's, Michael J. Waugh, response to the defendant's motion [DE# 32] and the defendant's reply [DE# 33]. The Court has reviewed the motion, response, reply and the pleadings and determines that the motion is meritorious and should be granted.

**II.    FACTUAL BACKGROUND**

The plaintiff began his employment with International on November 12, 2012, as Regional Security Manager. Approximately 60 days later the plaintiff allegedly suffered a fall which he claims caused a dislocated shoulder and a head injury. As a result of his injuries the plaintiff underwent surgery on his shoulder. The plaintiff also claims that after his surgery, he began to suffer "cognitive changes" that resulted in his inability to readily call people that he knew by their correct names. He also claims that he suffers "vertical diplopia" when attempting to read, imbalance in his gait and, from time-to-time, suffers "blackout episodes."

The plaintiff was diagnosed to have suffered a traumatic brain injury for which he sought appropriate medical attention. Nevertheless, the plaintiff claims he performed his duties successfully and received "many accolades for his performance." In September 2013, the plaintiff's direct supervisor changed. The plaintiff asserts that shortly after his new supervisor was in place, he informed his supervisor about his physical condition. He also informed his supervisor that on occasion he required more time to complete his expense reports. At the time, the plaintiff was working from his home in Austin, Texas and would travel to Houston, Texas on an "as needed" basis. These travels gave rise to the plaintiff's expense reports that became a point of contention. Shortly, the plaintiff's new supervisor began denying the plaintiff's expense reports based on the terms of his employment. Upon his employment, the plaintiff agreed that Houston was his duty station.

On December 13, 2013, the plaintiff was terminated shortly after he allegedly sought treatment for his alleged brain injury. The plaintiff contends that he was never counseled regarding any deficient performances; nor was he ever reprimanded. In fact, no disciplinary action was taken against him prior to his termination. In this respect, the plaintiff contends that International failed to follow its progressive policy before terminating him. Finally, the plaintiff asserts that he was never instructed about family leave or an accommodation for his disability, or his rights under federal statutes concerning his disability. Therefore, he concludes that it was his age, his request for medical leave and his disability that gave rise to his termination.

## IV. CONTENTIONS OF THE PARTIES

International contends, by its motion for summary judgment, that the plaintiff has failed to meet his summary judgment evidentiary burden and as a result cannot defeat International's decision to terminate him. In this regard, International asserts that: (a) the plaintiff has failed to

offer competent summary judgment evidence that he even advised International of a medical condition entitling him to FMLA leave; (b) the plaintiff has failed to offer competent summary judgment evidence that his age played a role in his termination; and, (c) the plaintiff has failed to establish that he suffered a disability for which an accommodation under the ADAAA was appropriate.

The plaintiff contends that he suffered a traumatic brain injury due to a fall in 2013. He experienced serious symptoms that required long-term treatment. As a result, he sought and received time off for treatment even though no one inquired into his condition. At all times, however, the plaintiff was working from his home in Austin, Texas and reported to Houston when necessary. As a result of International's failure to make inquiry into his condition, the plaintiff contends that International failed to learn that he had a disability, that he was entitled to leave under the FMLA and that he should have received an accommodation under the ADAAA due to his disability. Finally, the plaintiff asserts that he was replaced by a "significantly younger individual" in violation of the ADEA.

## V. LEGAL STANDARDS

### A. *Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative,

summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

B.     *The Family Medical Leave Act [FMLA]*

The FMLA "requires a covered employer to allow an eligible employee up to twelve weeks of unpaid leave if the employee suffers from 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Hunt v. Rapides Healthcare Sys., LLC,* 277 F.3d 757, 763 (5th Cir. 2001) (quoting 29 U.S.C. § 2601(a)(1)(D)). It also "prohibits employers from 'interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under' the Act." *Paris v. Sanderson Farms, Inc.,* No.

13-20239, 542 Fed. Appx. 370, 378 (5th Cir. 2013) (quoting 29 U.S.C. § 2615(a)(1)).

In order "[t]o demonstrate that [a] defendant interfered with [a plaintiff employee's] rights under the FMLA, . . . [the plaintiff employee] must show that (1) he is an eligible employee under the FMLA, (2) [the d]efendant is an employer subject to FMLA requirements, (3) he was entitled to FMLA leave, (4) he gave notice to [the d]efendant of his intention to take FMLA leave, and (5) [the d]efendant denied the FMLA leave to which he was entitled." *Comeaux-Bisor v. YMCA of Greater Houston,* Civil Action No. H-06-2836, 2007 WL 3171838, *4 (S.D. Tex. Oct. 26, 2007) (other citations omitted).

"To establish eligibility for FMLA leave, [a] [p]laintiff must adduce evidence showing that he suffered a serious health condition that made him unable to perform the functions of his job." *Schimek v. MCI, Inc.,* No. 3:05-CV-0045-P, 2006 WL 2252034, *11 (N.D. Tex. Aug. 7, 2006) (citing *Mauder v. Metro. Transit Auth. of Harris Cty., Tex.,* 446 F.3d 574, 579 (5th Cir. 2006); 29 U.S.C. § 2612(a)(l)(D) (2002)). The FMLA provides that an employer may require that a FMLA leave request be supported by a certification form issued by a health care provider or an employee's treating physician. *See Hurt v. Ecolab, Inc.,* No. 3:05-CV-1508-BD, 2006 WL 1409520, at *4 (N.D. Tex. May 23, 2006) (citing 29 U.S.C. § 2613(a)). "The failure to provide an appropriate medical certification or recertification is fatal to a claim under the FMLA" in such cases. *Hurt,* 2006 WL 1409520, at *4 (citing 29 C.F.R. § 825.311) (other citations omitted).

## C. The Age Discrimination Employment Act [*ADEA*] Standard

The ADEA provides that "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "The ADEA makes it unlawful for an employee, who is at least 40 years old, to be discharged because of his age." *Rutland v. Moore,* 54 F.3d 226, 228 (5th Cir. 1995) (citing 29 U.S.C. §§ 623(a)(l), 631(a)). In employment discrimination cases, such as the one *sub judice,* discrimination under the ADEA may be proven "by direct or circumstantial evidence, or both." *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002); *see also Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000).

The Fifth Circuit has held that in cases where, as here, no direct evidence[1] of discriminatory intent has been produced, proof by means of circumstantial evidence must be evaluated using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green* and modified by the Fifth Circuit. *See Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 - 52 (5th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973)); *see also Rachid v. Jack In The Box, Inc.,* 376 F.3d 305,312 (5th Cir. 2004); *Russell,* 235 F.3d at 222.

Under the modified *McDonnell Douglas* framework, the Fifth Circuit has stated the test as follows:

> [The plaintiff] must [first] ... demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a

---

[1] "Direct evidence is evidence that, if believed, proves that the fact of discriminatory animus without inference or presumption." *See Sandstad,* 309 F.3d at 897 (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1217 (5th Cir. 1995)).

> pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative). If a plaintiff demonstrates that age was a motivating factor in the employment decision, it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails.

*Machinchick,* 398 F.3d at 352 (quoting *Rachid,* 376 F.3d at 312) (citations, internal quotation marks and alterations omitted). "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed.2d 105 (2000) (quoting *Burdine,* 450 U.S. at 253, 101 S. Ct. 1089)). Thus, "[t]o avoid summary judgment, an age discrimination plaintiff must present evidence that both (1) rebuts the employer's non-discriminatory reason, and (2) creates an inference that age was a determinative factor in the challenged employment decision." *Ross v. Univ. of Texas at San Antonio,* 139 F.3d 521, 525 (5th Cir. 1998) (citing *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir. 1996)).

As previously set forth, "[t]o establish a prima facie case of age discrimination, 'a plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone substantially younger, or iii) otherwise discharged because of his age.'" *Jackson v. Cal-W. Packaging Corp.,* 602 F.3d 374, 378 (5th Cir. 2010) (quoting *Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 349 (5th Cir. 2007) (internal quotation marks and citation omitted)).

### D. *The Americans With Disabilities Act Amendments Act [ADAAA] Standard*

The Americans with Disabilities Act Amendments Act of 2008 ("ADAAA")[2] provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "disability" with respect to an individual, is defined within the meaning of the Act to include: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). A "qualified individual" within the meaning of the Act is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8).

"To establish a prima facie discrimination claim under the ADAAA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688,697 (5th Cir. 2014) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.,* 176 F.3d 847,853

---

[2] In 2002, the Supreme Court held that an impairment rises to the level of a disability only if its impact is "permanent or long term." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S. Ct. 681, 691, 151 L. Ed.2d 615 (2002). Subsequent to the Supreme Court's *Toyota Motor* decision, however, Congress passed the ADA Amendments Act of 2008 ("ADAAA"), which expanded the list of "major life activities" to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Additionally, Congress mandated that the term "substantially limits" found in § 12102(l)(A), "be interpreted consistently with the findings and purposes of the [ADAAA]." 42 U.S.C. § l2102(4)(B). It was further mandated that the term "disability" be construed "in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). To this end, the ADAA rejected the restrictive approach established in *Toyota Motor* for analyzing whether a plaintiff suffers from a disability for purposes of the ADA. The ADAA became effective on January I, 2009. *See* Pub. L. No. 110--325, § 8, 122 Stat. 3553, 3559 (2008).

(5th Cir. 1999)). The "'[f]ailure to establish an actual or perceived disability is [ ] fatal to a plaintiffs case,' and no further consideration is required." *Willis v. Noble Envtl. Power, LLC,* 143 F. Supp.3d 475, 479 (N.D. Tex. 2015), *appeal dismissed* (Feb. 26, 2016) (citing *Mcinnis v. Alamo Cmty. Coli. Dist.,* 207 F.3d 276, 280 (5th Cir. 2000); *see Waldrip v. Gen. Elec. Co.,* 325 F.3d 652, 654 (5th Cir. 2003)).

## VI. DISCUSSION AND ANALYSIS

The plaintiff's summary judgment offer of evidence fails to establish a prima facie case under the FMLA. Specifically, there is no evidence that the plaintiff was eligible for benefits under the FMLA. The evidence shows that from time-to-time the plaintiff took leave from his work in order to receive treatment(s) for his shoulder and/or head injuries. There is no evidence that the leave exceeded that needed for a doctor's visit. Moreover, there is no evidence that the plaintiff sought leave that was not granted, that any leave requested was refused, or that he was treated differently than other employees who took leave for occasional doctor visits. Finally, there is no evidence that the plaintiff notified International that he specifically intended to take FMLA leave. Certainly, International owed no duty to the plaintiff to offer benefits not requested or required. Therefore, the Court is of the opinion that the plaintiff has failed to demonstrate that he was entitled to FMLA leave or that International interfered with his right to it. *Mauder*, 446 F.3d at 579. In this regard, summary judgment is appropriate on the plaintiff's FMLA claim. *Morris*, 144 F.3d at 380.

Next, the plaintiff asserts that he was terminated in retaliation for his disclosure that he had a disability. Clearly, it is a violation of the law for an employer to discriminate against an employee due to an actual or perceived disability. 29 U.S.C. § 623(a)(1); 29 U.S.C. § 2601(a)(1)(D). As stated earlier, a person is said to be disabled when his impairment rises to the

level of a disability only if its impact is permanent or long term. *Williams*, 122 S.Ct. at 691. The plaintiff's evidence fails in this regard.

There is no evidence that the plaintiff was suffering a "disability" as that term is defined by the statute. As stated earlier, the plaintiff never sought FMLA leave for doctor visits or otherwise. Moreover, he does not support his contention that International interfered with his ability to take leave. He was never reprimanded for taking time off for doctor appointments and, as the undisputed evidence reveals, he was permitted to work from home. In fact, his supervisors were not able to observe his demeanor or work habits, contrary to his claim. Ironically, the plaintiff asserts that he received accolades for his performance and was successful in his duties. Because the plaintiff's evidence fails to establish that he suffered a disability as defined by law, the plaintiff's claim for disability discrimination and retaliation fail. *See Rizzo v. Children's World learning Centers, Inc.,* 84 F.3d 758, 763 (5th Cir. 1996). Finally, the plaintiff asserts an age discrimination claim against International. It is unlawful for an employer to discharge or otherwise discriminate against an employee over 40 years of age. 29 U.S.C. §§ 623(a)(1), 631(a); *Rutland*, 54 F.3d at 228. In his claim, the plaintiff "hangs his evidentiary hat" on his contention that he was replaced by someone substantially younger than himself. The evidence does not show that his replacement was under 40 years of age or any age that might be declared to be "substantially younger".

The plaintiff must establish by a preponderance of the evidence that age was the "but for" cause for International's decision to terminate him. *Gross*, 129 S.Ct. at 2352, n.2; *Jackson v. Cal-Western Packaging Corp.,* 602 F.3d, 374, 378 (5th Cir. 2010). Even assuming that the *McDonnell Douglas* standard applies to the plaintiff's age claim, the plaintiff must establish,

among other elements, that he was replaced by someone outside the protected class or substantially younger.

After a careful review of the plaintiff's pleadings and response to International's motion for summary judgment and attachments, the Court determines that there is nothing in the record that confirms that International replaced the plaintiff with someone under 40 years of age or substantially younger. An exchange of emails between the plaintiff and his supervisors, provided by the plaintiff, questioned whether the plaintiff was a "productive" employee or not and should be terminated. This exchanged began in November 2013 and focused on the travel expense reimbursements sought by the plaintiff. It is undisputed that the plaintiff received relocation expenses but chose to pocket the funds and remain in Austin, Texas even though his employment station was Houston, Texas. The emails focused on whether International was getting what it had bargained for when it employed the plaintiff, particularly in light of his insistence that he be reimbursed for expenses when he reported to his duty station. The reasonable inference to be drawn from the records is that the plaintiff was terminated for his lack of productivity or worth to the company. There is no evidence indicating that the age of the plaintiff or the person who allegedly replaced him played a role in his termination.

As a final note, the plaintiff has failed to properly respond to International's motion for summary judgment because he failed to execute the document(s) purporting to be his response. Therefore, the Court holds that there is no evidence rebutting International's motion for summary judgment.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that International's motion for summary judgment is meritorious and should be granted.

It is so Ordered.

SIGNED on this 20th day of June, 2017.

_____
Kenneth M. Hoyt
United States District Judge